# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **District Court** |
| | ) | **Civil Action No. 04-01415 (JJF)** |
| AMERICAN CLASSIC VOYAGES CO., | ) | |
| et al., | ) | Chapter 11 |
| | ) | Bankruptcy Court |
| Debtors, | ) | Case No. 01-10954 (LHK) |
| | ) | Jointly Administered |
| | ) | |
| AMERICAN CLASSIC VOYAGES CO., | ) | |
| et al., DEBTORS, BY AND | ) | |
| THROUGH PAUL GUNTHER, PLAN | ) | |
| ADMINISTRATOR, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| v. | ) | |
| | ) | |
| WESTAFF, | ) | Adv. Proc. No. 03-56886 (PBL) |
| | ) | |
| Defendant/Appellant. | ) | |

## MEMORANDUM IN SUPPORT OF CROSS MOTION TO DISMISS WESTAFF'S APPEAL AND IN OPPOSITION TO WESTAFF'S MOTION FOR AN EXTENSION OF TIME
### [Re: Docket Item No. 7]

Joseph J. Bodnar (#2512)
Monzack & Monaco, P.A.
1201 N. Orange Street
Suite 400
Wilmington, DE 19801
Telephone: (302) 656-8162
Fax No. (302) 656-2769

- and -

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
(212) 478-7200
Attn:   John P. McCahey, Esq.
         Michael D. Thorp, Esq.

Attorneys for American Classic
Voyages Co., *et al.,* by and through
Paul Gunther, Plan Administrator

Dated: May 31, 2005

**Preliminary Statement**

**(A)**

The memorandum is submitted on behalf of American Classic Voyages Co. et. al., Debtors, by and through Paul Gunther, Plan Administrator ("AMCV"), the plaintiff herein; (a) in support of its cross motion to dismiss defendant's appeal from the Bankruptcy Court's interlocutory order on the grounds that the defendant failed to obtain the statutorily required leave to appeal and (b) in opposition to defendant's motion for an extension of time to file an opening brief.

**(B)**

This appeal should be dismissed because, the defendant, Westaff, failed to obtain leave from this Court as required by 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8001(b) to appeal the Bankruptcy Court's interlocutory order denying its motion to dismiss. In the alternative, any belated request for leave to appeal should be denied because the issue on appeal would present no "exceptional circumstances [which] justify a departure from the basic policy of postponing review until after the entry of final judgment." Dal-Tile Intl., Inc. v. Color Tile, Inc., 203 B.R. 554, 557 (D. Del. 1996)(hereinafter "Dal-Tile").

**Procedural History**

AMCV filed this preference case on October 14, 2003 against Westaff. AMCV duly served Westaff with process that very day. See Thorp Dec. at ¶ 2[1]. Upon AMCV's motion, by order dated December 22, 2003, the Bankruptcy Court enlarged AMCVs time to serve process until June 25, 2004 (the "December Order"). See Thorp Dec. at ¶ 3. On May 17, 2004 (within the Bankruptcy Court authorized service of process extension period), and although service of

process had previously been effectuated, AMCV, in an abundance of caution, elected to serve alias summonses on multiple "Westaff" entities and their agent for service of process. See Thorp Dec. at ¶ 3. On June 23, 2004 Westaff moved to dismiss AMCV's complaint. The motion was filed by Westaff (USA), Inc., which had been properly served by AMCV. See Thorp Dec. at ¶ 5. Notably, Westaff's motion was untimely as service was effected the previous October, and, in any event, the motion was filed more than thirty days after the service of the alias summonses on May 17, 2004. See Thorp Dec. at ¶ 4.

By order dated October 1, 2004, the Bankruptcy Court denied Westaff motion to dismiss. On or about October 11, 2004, Westaff filed its notice of appeal. See Thorp Dec. at ¶¶ 4,5. In accordance with this Court's standing order, the case was sent to mediation. On April 15, 2004, the mediator advised the Court that the mediation was complete and that the case was ready to proceed.[2] See Thorp Dec. at ¶ 6.

By order dated April 28, 2005, this Court directed Westaff to file its opening brief on appeal by May 13, 2005. Westaff ignored the Court's directive. Citing no reason other than its own inattention, Westaff moved *ex post facto* on May 18, 2005 to extend its time to file an opening brief. On May 19, 2005, six months after the Bankruptcy Court denied its motion, Westaff, true to form, belatedly filed its answer to the Complaint. See Thorp Dec. at ¶¶ 7, 8.

---

[1] References to the Declaration In Support Of Cross Motion To Dismiss Westaff's Appeal and in Opposition To Westaff's Motion For An Extension Of Time will be listed as "See Thorp Dec. at ¶ ___."

[2] AMCV submits that Westaff's counsel continuously failed to properly and timely respond to requests to schedule mediation sessions. As a result, no substantive mediation sessions were held.

**Argument**

**POINT I**

**WESTAFF'S APPEAL SHOULD BE DISMISSED BECAUSE IT FAILED TO SEEK AND OBTAIN LEAVE FROM THIS COURT TO HAVE ITS APPEAL HEARD**

Section 158(a)(3) of the Judicial Code states that "with leave," district courts shall have jurisdiction to hear appeals from interlocutory orders of the bankruptcy courts. See 28 U.S.C. § 158(a)(3). 28 U.S.C. § 158(a) provides in relevant part that—

> The district courts of the United States shall have jurisdiction to hear appeals…
>
> (3) with leave of the court from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title…

The above makes clear that appeals from interlocutory bankruptcy court orders can only be taken with district court permission. See Collier On Bankruptcy, ¶ 5.07[4] (Matthew Bender 15th rev. ed.)(hereinafter "Collier's"); Clark v. First State Bank (In Re White Beauty View, Inc.), 841 F.2d 524 (3rd Cir. 1988). An order denying a motion to dismiss is an "interlocutory order." See Collier's at ¶ 5.07[5], citing Allen v. Old Nat'l Bank of Washington (In re Allen), 896 F.2d 416 (9th Cir. 1990); Promenafe Nat'l Bank v. Phillips (In the Matter of Phillips), 844 F.2d 230 (5th Cir. 1988); see also In Re: Bell Fuel Corporation, 1989 U.S. Dist. Lexis 15757 (E.D.P.A. 1989) (an order of the bankruptcy court denying a motion to dismiss is "clearly interlocutory.").

To obtain the necessary leave, Rules 8001(b) and 8003(a) of the Federal Rules of Bankruptcy Procedure require that the appellant timely file a motion with the district court which (1) contains a statement of facts of the case; (2) sets forth the issues to be addressed on appeal; and (3) states the reason the appeal should be heard. See Rule 8001(b) (an appeal from an

3

interlocutory judgment order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal...<u>accompanied by a motion for leave to appeal in accordance with Rule 8003</u>....)(emphasis added); <u>see</u> <u>also</u> Rule 8003(a) (requiring that a motion for leave to appeal contain: "(1) a statement of the facts necessary to an understanding of the question to be presented by the appeal from the bankruptcy court order, (2) a statement of the issues and of the relief sought by the appellant, (3) a statement of the reasons why an appeal should be granted and (4) a copy of the order, judgment or decree complained of and any opinion or memorandum relating thereto.").

The foregoing rules are not merely formal requirements; a motion in compliance with this rule must be filed. <u>Collier's</u> at ¶ 8003.02; <u>see</u> <u>also</u> <u>Clark v. First State Bank (In Re White Beauty View, Inc.)</u>, 841 F.2d 524, 527 (3rd Cir. 1988) (the statute specifically demands leave, and litigants who wish to benefit from that statutory provision should abide by its requirements.). Notably, Westaff's motion for leave should have been filed within the same within the same 10-day period after the order denying its motion as the notice of appeal. <u>Id.</u> at ¶ 8002.05.

There is no dispute that Westaff failed to move for leave. Accordingly, Westaff's appeal should be dismissed and the case remanded to the Bankruptcy Court for further adjudication on the merits.

## POINT II

## WESTAFF SHOULD NOT BE GRANTED LEAVE TO APPEAL

AMCV submits that even if this Court were to now consider a request for leave, it would find that there is no basis for departing from the well established rule that leave to appeal interlocutory orders should only be granted in "exceptional circumstances", which are wholly absent from this unexceptional preference case.

Because § 158(a) does not provide criteria for determining when leave to appeal should be granted, Delaware District Court's have held that the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to United States courts of appeals shall apply. Dal-Tile 203 B.R. at 557 (citations omitted); see also Collier's at ¶ 8003.03 (the courts have generally adopted the § 1292(b) standard when considering whether to grant leave to appeal from an order of the bankruptcy court.). "Under § 1292(b), an interlocutory appeal may be had when the order at issue '(1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation.' Additionally, a court will entertain an appeal under section 1292(b) only when an appellant demonstrates that 'exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment.'" Dal-Tile 203 B.R. at 557 (internal citation omitted) (citing In re Delaware and Hudson Ry. Co., 96 B.R. 469, 472 (D. Del. 1989), aff'd, 884 F.2d 1383 and 884 F.2d 1384 (3rd Cir. 1989)).

Herein, there are "no controlling questions of law" that could conceivably have a "substantial grounds for a difference of opinion". By denying the motion, the Bankruptcy Court found that AMCV's service was proper and that the Complaint stated a cause of action. These issues are quite basic and do not involve complex facts or novel theories of law. With this procedural history, under no circumstance can Westaff's appeal be deemed to be brought under "exceptional circumstances [that would] justify departure from the basic policy of postponing review until after the entry of final judgment." Clearly, the only purpose of this appeal is to delay the action and frustrate the estate's prosecution of this matter. Indeed, this case is now far behind the discovery and trial schedules of the companion preference cases which were filed in

the AMCV bankruptcy proceeding. Accordingly, AMCV submits that this Court should deny any belated application for leave by Westaff to appeal the Bankruptcy Court's October 1, 2004 order denying Westaff's motion.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that Westaff's appeal be dismissed and this case be remanded to the Bankruptcy Court for adjudication on the merits.

Dated:   Wilmington, Delaware
         May 31, 2004

MONZACK AND MONACO, P.A.

By: _____
Francis A. Monaco, Jr. (No. 2078)
Joseph J. Bodnar (No. 2512)
Members of the Firm

1201 Orange Street, Suite 400
Wilmington, Delaware 19801
(302) 656-8162

- and -

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
(212) 478-7200
Attn:   John P. McCahey, Esq.
        Michael D. Thorp, Esq.

Attorneys for American Classic Voyages Co., *et al.*,
by and through Paul Gunther, Plan Administrator

Of Counsel:

John P. McCahey, Esq.
Michael D. Thorp, Esq.

## CERTIFICATE OF SERVICE

I, Tara L. Kratzer, certify that I am not less than 18 years of age, and that service of the attached Memorandum in Support of Cross Motion to Dismiss Westaff's Appeal and in Opposition to Westaff's Motion for an extension of Time was filed with the United States Bankruptcy Court with a courtesy copy being provided to the Clerk of the Court and sent to the below-listed attorney by way of stated service on May 31, 2005:

**VIA HAND DELIVERY and E-MAIL**

James E. Huggett, Esquire
Harvey, Pennington Ltd.
913 N. Market Street, Suite 702
Wilmington, DE 19801

Email: jhuggett@harvpenn.com

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: May 31, 2005

Tara L. Kratzer

Document #: 44274