UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
------------------------------------------------------------------x
In re

AMERICAN CLASSIC VOYAGES CO., *et al.*,

                                        Debtors.

------------------------------------------------------------------x
AMERICAN CLASSIC VOYAGES CO., *et al.*,
DEBTORS, BY AND THROUGH PAUL GUNTHER,
PLAN ADMINISTRATOR,

                                Plaintiff/Appellee,

       - against -

WESTAFF,

                             Defendant/Appellant.

------------------------------------------------------------------x

**District Court Civil Action No. 04-01415 (JJF)**

Chapter 11
(Jointly Administered)
Case No. 01-10954 (LHK)

Adv. Proc. No. 03-56886 (PBL)

## DECLARATION IN SUPPORT OF CROSS MOTION TO DISMISS WESTAFF'S APPEAL AND IN OPPOSITION TO WESTAFF'S MOTION FOR AN EXTENSION OF TIME

**Michael D. Thorp,** pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

    1.      I am associated with the law firm Hahn & Hessen LLP, co-counsel for American Classic Voyages Co. et. al., Debtors, by and through Paul Gunther, Plan Administrator ("AMCV"), the plaintiff herein.  This declaration is submitted (a) in support of AMCV's cross motion to dismiss defendant's appeal from the Bankruptcy Court's interlocutory order on the ground that defendant failed to obtain the statutorily required leave to appeal and (b) in opposition to defendant's motion for and extension of time to file an opening brief.

## **BACKGROUND**

2.      On October 14, 2003, AMCV filed its "Complaint To Avoid and Recover Preferential Transfers" (the "Complaint") against, the defendant, Westaff, and duly served Westaff with service of process.

3.      On November 13, 2003, AMCV filed a motion to enlarge its time to serve process in this and other adversary proceedings. Having found good cause, the Bankruptcy Court by order dated December 22, 2003, enlarged AMCVs time to serve process until June 25, 2004 (the "December Order"). On May 17, 2004, and although service of process had previously been effectuated, AMCV, in an abundance of caution and as it was permitted to do under the December Order, served alias summonses and complaints on multiple "Westaff" entities and their agent for service of process.

4.      Following these multiple services of process, Westaff moved to dismiss the Complaint on June 23, 2004. The motion was filed by the corporate entity Westaff (USA), Inc. (the appellant herein), which previously was duly served with process as outlined above. Notably, Westaff's motion was untimely as service was effected the previous October. Moreover, the motion was filed more than thirty days after the service of the alias summonses on May 17, 2004. On October 1, 2004, the Bankruptcy Court denied Westaff's baseless motion.

5.      On October 11, 2004, Westaff filed a Notice of Appeal from a Bankruptcy Court order which denied Westaff's motion dismiss the complaint for insufficient process and failure to state a cause of action. At no time however has Westaff moved this Court for leave to pursue its appeal as is required by the Judicial Code and by the Federal Rules of Bankruptcy Procedure of any party that seeks to appeal an interlocutory order of a bankruptcy court.

6.    This case was then sent to mediation in accordance with this Court's standing order on November 3, 2004. On April 15, 2005 the mediator notified the Court and all parties that the mediation was complete. AMCV submits that no formal mediation sessions were conducted because counsel for Westaff failed to appropriately respond to the mediator's requests to schedule mediation sessions and was virtually unavailable for mediation.

7.    On April 28, 2005, this Court issued an order requiring Westaff to file its opening brief on appeal by May 13, 2005. Westaff failed to do so. Instead, five days after its time expired, on May 18, 2005, Westaff filed a belated motion to extend its time to file an opening brief.

8.    On May 19, 2005, six months after the Bankruptcy Court denied its motion, Westaff filed its answer to the Complaint.

A.    **AMCV'S CROSS MOTION**[1]

9.    The Judicial Code and the Federal Rules of Civil Procedure both mandate that a party obtain leave from the district court to appeal an interlocutory order from a bankruptcy court. Because the Bankruptcy Court's order denying Westaff's motion did not finally dispose of this case, it an interlocutory order. Accordingly, because Westaff failed to comply with the statutory requirement that it obtain leave to appeal, Westaff's appeal should be dismissed. See AMCV's memorandum submitted herewith at Point I.

10.    AMCV further submits that any attempt by Westaff to belatedly seek permission to appeal should be denied because Westaff cannot make a showing that there is "exceptional circumstances [which] justify a departure from the basic policy of postponing review until after

---

[1] The basis for AMCV's relief on its cross-motion is fully developed in it attached memorandum and is only outlined herein for the Court's convenience.

the entry of final judgment" as would be required to have its interlocutory appeal heard. <u>See</u> AMCV's memorandum submitted herewith at Point II.

**B.    WESTAFF'S MOTION TO EXTEND**

11.    Should this Court not dismiss the appeal, Westaff's motion to extend the time to file its opening brief should be denied because Westaff has provided no cogent reason for its failure to file its brief by the Court ordered deadline.

12.    Indeed, Westaff's only excuse—that its counsel recently changed law firms—is of no moment because the scheduling order was filed twelve days before Westaff filed its substitution of attorney on May 10, 2005 with the Bankruptcy Court. More importantly, Westaff's counsel signed the substitution as a member of his new firm on May 3, 2005. The substitution was counter-signed by counsel's prior firm on May 4, 2004. As evidenced by its signing of the substitution papers (5 days after the scheduling order and ten days before Westaff's brief was due) it is clear that counsel was working on this case at his new firm and had full access to the Court's docketing system (by way of his filing of the substitution on May 10, 2005, days before his brief was due). In fact, counsel previously filed a substitution of counsel on behalf of Westaff in AMCV's main bankruptcy case on May 2, 2005 which was executed by him at his new firm on April 29, 2005 (one day after this Court's scheduling order). Westaff therefore should have been apprised of the scheduling order at least as of April 29, 2005 when its substituting firm was clearly involved with this case. In addition, counsel should have been aware that the scheduling order was forthcoming due to the mediator's notification on April 15, 2005 (twelve days before the Court order) that the mediation was concluded.

13.    In any event, counsel's switching of firms in no way permits him to ignore the Court's docket or to stop monitoring his cases.

4

14.    It bears noting that Westaff's failure to timely file its brief is consistent with its handling of this case to date. Indeed, Westaff was served with process in October of 2003 (and thereafter served with alias summonses) but did not file its meritless motion to dismiss until June of 2004. Likewise, Westaff did not file an answer in Bankruptcy Court until May 19, 2005, six months after its motion was denied, even though no stay was sought or ordered. In addition, Westaff failed to make any efforts to adequately schedule mediation sessions. In fact, no substantive mediation sessions were held. Simply, Westaff has gone out of its way to delay this case and is continuing to do so.

15.    Contrary to the allegation in paragraph 4 of his moving affidavit, Westaff's counsel James Hugget did not request an *ex post facto* extension of time from AMCV on March 18, 2005. Rather, Mr. Hugget telephoned the declarant (without mentioning the Court's already filed scheduling order) and requested that a briefing schedule be set by the parties. Unfortunately for counsel, AMCV's attorneys were well aware of the Court's scheduling order and were also aware that Westaff's time to file its brief had previously expired. Accordingly, AMCV declined counsel's invitation to subvert the already ordered briefing schedule which required on page 1 that any agreement to amend the briefing schedule be filed "within fifteen (15) days of the date of this Order" (i.e., by May 13, 2005).

16.    Because Westaff has failed to provide an acceptable excuse for its neglect in filing its brief and because its appeal is improper due to Westaff's failure to obtain leave, AMCV requests that the Court deny Westaff's extension application and dismiss this appeal.

17.    AMCV submits however that if the Court allows Westaff's appeal to proceed, that AMCV should be provided with the same amount of time to file its answering brief as Westaff had to file its opening brief.

**WHEREFORE,** AMCV respectfully requests that the Court deny defendant's motion to extend time and further that the Court dismiss Westaff's appeal and remand this case to the Bankruptcy Court for final adjudication.

Dated: New York, New York
       May 31, 2005

MICHAEL D. THORP

## CERTIFICATE OF SERVICE

I, Tara L. Kratzer, certify that I am not less than 18 years of age, and that service of the attached Declaration of Michael D. Thorp in Support of Cross Motion to Dismiss Westaff's Appeal and in Opposition to Westaff's Motion for an extension of Time was filed with the United States Bankruptcy Court with a courtesy copy being provided to the Clerk of the Court and sent to the below-listed attorney by way of stated service on May 31, 2005:

## VIA HAND DELIVERY and E-MAIL

James E. Huggett, Esquire
Harvey, Pennington Ltd.
913 N. Market Street, Suite 702
Wilmington, DE 19801

Email: jhuggett@harvpenn.com

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated:  May 31, 2005

Tara L. Kratzer

Document #: 44280